IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MS. MILDRED VERNON, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:08-CV-1068-B |
| THE CITY OF DALLAS, ET AL., | § | ECF |
| Defendants. | § | |

# DEFENDANTS CITY OF DALLAS', DAVID KUNKLE'S, AND MARK RANGEL'S MOTION TO DISMISS UNDER RULE 12(b)(6), AND BRIEF IN SUPPORT

CITY ATTORNEY OF THE CITY OF DALLAS

JASON G. SCHUETTE
Assistant City Attorney
Texas Bar No. 17827020
jason.schuette@dallascityhall.com

JAMES C. BUTT
Assistant City Attorney
Texas Bar No. 24040354
james.butt@dallascityhall.com

Dallas City Hall 7BN
1500 Marilla Street
Dallas, Texas 75201
214.670.3519
214.670.3515 – Fax

Attorneys for Defendants City of Dallas,
David Kunkle, and Mark Rangel

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... iii

I.     RELEVANT PROCEDURAL HISTORY ...................................................... 1

II.    ARGUMENT AND AUTHORITIES............................................................. 1

    A.    Overview of the Complaint............................................................. 1

    B.    The Legal Standard for Motions to Dismiss Under Rule 12(b)(6) ........................ 2

    C.    Vernon's Claims Are Barred By Limitations ....................................... 4

        1.    Fourth Amendment claim:  unlawful seizure and excessive force ............................................................................. 4

        2.    Fifth and Fourteenth Amendment claims:  deprivation of due process ....................................................................... 5

        3.    Section 1985(3) claim:  conspiracy to deprive civil rights ................... 6

        4.    State law claims:  wrongful death/survival action, intentional infliction of emotional distress, assault and battery, and conversion ................................................................ 7

        5.    Request for declaratory relief ................................................ 8

    D.    Grounds for Rule 12(b)(6) Dismissal Other Than Limitations............................. 9

        1.    Fifth and Fourteenth Amendment due process ................................... 10

        2.    Conspiracy under 42 U.S.C. § 1985(3)................................... 11

        3.    State law torts................................................................ 12

III.   CONCLUSION........................................................................13

CERTIFICATE OF SERVICE ...............................................................15

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                    ii

# TABLE OF AUTHORITIES

## Cases

*Baker v. Putnal*,
   75 F.3d 190 (5th Cir. 1996) ............................................................................ 2

*Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*,
   522 U.S. 192 (1997)........................................................................................ 5

*Bell Atlantic Corp. v. Twombly*,
   ___ U.S. ___, 127 S.Ct. 1955 (2007)............................................................. 3

*Bougher v. University of Pittsburgh*,
   882 F.2d 74 (3d Cir. 1989)............................................................................. 6

*Brelsford v. Univ. of Texas Health Science Center*,
   1993 WL 15192 (Tex. App.–Dallas 1993) (not designated for publication)........... 8

*Burrell v. Newsome*,
   883 F.2d 416 (5th Cir. 1989) .......................................................................... 5

*Callwood v. Questel*,
   883 F.2d 272 (3d Cir. 1989)........................................................................... 6

*City of Austin v. L.S. Ranch, Ltd.*,
   970 S.W.2d 750 (Tex. App.–Austin 1998, no pet.) ...................................... 12

*Conley v. Gibson*,
   355 U.S. 41 (1957)......................................................................................... 3

*Cope v. Anderson*,
   331 U.S. 461 (1947)....................................................................................... 9

*Fernandez-Montes v. Allied Pilots Ass'n*,
   987 F.2d 278 (5th Cir. 1993) .......................................................................... 3

*Garcia v. City of Laredo*,
   2005 WL 418446  (Tex. App.–San Antonio 2005) ........................................ 8

*Gilbert v. City of Cambridge*,
   932 F.2d 51 (1st Cir. 1991)......................................................................... 8, 9

*Graham v. Connor*,
   490 U.S. 386 (1989)..................................................................................... 10

*Hill v. Bartlette*,
   181 S.W.3d 541 (Tex.App.–Texarkana 2005, no hist.) ................................... 7

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                                    iii

*Jackson v. Procunier*,
789 F.2d 307 (5th Cir. 1986) ........................................................................ 2

*Jones v. Alcoa, Inc.*,
339 F.3d 359 (5th Cir. 2003) ........................................................................ 3

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*,
677 F.2d 1045 (5th Cir. 1982) ...................................................................... 3

*Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*,
20 F.3d 1362 (5th Cir. 1994) ........................................................................ 3

*Lavellee v. Listi*,
611 F.2d 1129  (5th Cir. 1980) ..................................................................... 4

*McDougal v. County of Imperial*,
942 F.2d 668 (9th Cir. 1991) ........................................................................ 6

*Midland Indep. Sch. Dist. v. Watley*,
216 S.W.3d 374 (Tex. App.–Eastland 2006, no writ) ................................. 13

*Mizell v. North Broward Hosp. Dist.*,
427 F.2d 468 (5th Cir. 1970) ........................................................................ 9

*Morin v. Caire*,
77 F.3d 116 (5th Cir. 1996) .......................................................................... 2

*Nasim v. Warden, Md. House of Correction*,
64 F.3d 951 (4th Cir. 1995) .......................................................................... 5

*Orangetown v. Gorsuch*,
718 F.2d 29 (2d Cir. 1983)............................................................................ 9

*Owens v. Okure*,
488 U.S. 235 (1989)....................................................................................... 4

*Pineda v. City of Houston*,
175 S.W.3d 276 (Tex. App.–Houston [1st Dist.] 2004, no writ)............... 13

*Piotrowski v. City of Houston*,
237 F.3d 567 (5th Cir. 2001) ........................................................................ 4

*Pirolozzi v. Stanbro*,
2008 WL 1899980 (N.D. Ohio, 28April 2008) .......................................... 10

*Price v. City of San Antonio*,
431 F.3d 890 (5th Cir. 2005) ........................................................................ 4

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                          iv

*Rawlings v. Ray*,
　　312 U.S. 96 (1941)......................................................................................................... 5

*Richard v. Hinson*,
　　70 F.3d 415 (5th Cir. 1995) ........................................................................................ 11

*Russell v. Todd*,
　　309 U.S. 280 (1940)....................................................................................................... 9

*Salazar v. Lopez*,
　　88 S.W.3d 351 (Tex. App.-San Antonio 2002, no pet.) .......................................... 12

*Sanders v. City of San Diego*,
　　93 F.3d 1423 (9th Cir. 1996) ................................................................................. 11, 12

*Schweiker v. Wilson*,
　　450 U.S. 221 (1981)..................................................................................................... 11

*Tex. Med. Branch v. Hohman*,
　　6 S.W.3d 767 (Tex. App.–Houston [1st Dist.] 1999, pet. dism'd w.o.j.).............. 13

*Tex. River Barges, Inc. v. City of San Antonio*,
　　21 S.W.3d 347 (Tex. App.–San Antonio 2000, pet. denied) ................................. 13

*Texas Ass'n of Bus. v. Texas Air Control Bd.*,
　　852 S.W.2d 440 (Tex. 1993)....................................................................................... 12

*United Transp. Union v. Florida East Coast Ry. Co.*,
　　586 F.2d 520 (5th Cir. 1978) ...................................................................................... 9

*Valencia v. Wiggins*,
　　981 F.2d 1440 (5th Cir. 1993) .................................................................................... 11

*Washington v. United States Dep't of Hous. & Urban Dev.*,
　　953 F. Supp. 762 (N.D. Tex. 1996) (Solis, J.) ...................................................... 2, 3

*Watts v. Graves*,
　　720 F.2d 1416 (5th Cir. 1983) .................................................................................... 4

*Wilson v. Garcia*,
　　471 U.S. 261 (1985)....................................................................................................... 5

## Statutes

42 U.S.C. § 1983......................................................................................................... 2, 4

42 U.S.C. § 1985............................................................................................................ 2

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                    v

42 U.S.C. § 1985(3) ................................................................................................. 6, 11

42 U.S.C. § 1988 ....................................................................................................... 2

Tex. Civ. Prac. & Rem. Code § 101.001 ................................................................. 12

Tex. Civ. Prac. & Rem. Code § 101.021 ................................................................. 12

Tex. Civ. Prac. & Rem. Code § 101.057 ............................................................. 12, 13

Tex. Civ. Prac. & Rem. Code § 16.003(a) ........................................................... 4, 7, 8

Tex. Civ. Prac. & Rem. Code § 71.002(b) ................................................................ 7

**Rules**

Fed. R. Civ. P. 11(b)(3) ........................................................................................... 14

Fed. R. Civ. P. 12(b)(6) ........................................................................... 1, 2, 3, 4, 11

**Treatises**

5A Charles A. Wright & Arthur R. Miller,
   Federal Practice & Procedure § 1357 (1990) ......................................................... 3

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                    vi

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MS. MILDRED VERNON, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:08-CV-1068-B |
| THE CITY OF DALLAS, ET AL., | § | ECF |
| Defendants. | § | |

### DEFENDANTS CITY OF DALLAS', DAVID KUNKLE'S, AND MARK RANGEL'S MOTION TO DISMISS UNDER RULE 12(b)(6), AND BRIEF IN SUPPORT

TO THE HONORABLE COURT:

Defendants City of Dallas ("City"), David Kunkle ("Kunkle"), and Mark Rangel ("Rangel") (collectively, "Movants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, file their motion to dismiss Plaintiff's claims.

### I.    RELEVANT PROCEDURAL HISTORY

1.1    Plaintiff, Mildred Vernon ("Vernon"), filed suit in this Court on 25 June 2008. (*See* Court's Docket.)

1.2    Kunkle and Rangel were served with process on 25 June 2008; the City was served on 1 July 2008. (*Id.*)

1.3    On 1 July 2008, Vernon filed her First Amended Plaintiff's Original Complaint (doc. 8). (*Id.*)

### II.    ARGUMENT AND AUTHORITIES

**A.    Overview of the Complaint**

2.1    This lawsuit concerns the death of Plaintiff's son, Tony Vernon (the "Decedent") on 24 July 2003. Vernon alleges that Dallas police officers, including named defendants Rangel and Michael Armendariz, used excessive force by shooting Decedent without legal justification,

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                           Page 1

planted a handgun in an attempt to justify their actions, and seized $91,920.00 in currency. Vernon brings her claims under 42 U.S.C. §§ 1983, 1985, and 1988; and asserts Texas common law tort and statutory wrongful death claims under this Court's supplemental jurisdiction.  (*See* Complaint at 2 ¶¶ 1-3.)  Vernon also seeks unspecified declaratory relief.  (*Id.* at 12 ¶ 35.)

2.2    Vernon alleges that the officers' actions violated the following federally protected rights:  (1) to be free from unlawful seizure; (2) to be free from the use of excessive force, (3) to due process of law; and (4) to equal protection of the laws.

2.3    Vernon also alleges that Movants committed these Texas common law torts:  (1) wrongful death; (2) intentional infliction of emotional distress; (3) assault and battery; and (4) conversion of personal property.

2.4    Vernon requests the Court to make a declaration regarding Decedent's rights under federal and Texas constitutions, but does specify the specific declaration(s) sought.

**B.    The Legal Standard for Motions to Dismiss Under Rule 12(b)(6)**

2.5    Rule 12(b)(6) provides for dismissal of a cause of action if the complaint fails to state a claim upon which relief can be granted.[1]  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings.[2]

2.6    There are two primary considerations for a court's analysis of the propriety of dismissal under Rule 12(b)(6).  First, the factual allegations contained in the complaint are to be construed in the plaintiff's favor and all well-pleaded facts in the complaint are accepted as true.[3]

---

[1] *See* Fed. R. Civ. P. 12(b)(6); *Washington v. United States Dep't of Hous. & Urban Dev.*, 953 F. Supp. 762, 768 (N.D. Tex. 1996) (Solis, J.).

[2] *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *see also Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

[3] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Washington*, 953 F. Supp. at 768.

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                                    Page 2

Conclusory allegations in the complaint, however, shall not be accepted as true.[4]  Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal.[5]

2.7     Second, as the Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955 (2007), a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.[6]  That is, it is no longer sufficient that relief could be granted under some theoretical set of facts consistent with a complaint's allegations, which was the familiar standard established by the Supreme Court in *Conley v. Gibson*.[7]  Rather, under *Twombly*, plaintiffs must "nudge[] their claims across the line from conceivable to plausible."[8]  In this case, however, Vernon's claims all fail even under the "theoretically possible" *Conley* standard.  Movants will establish that Vernon cannot prevail on any of her claims under any set of facts consistent with her allegations.

2.8     Although defenses are generally not the proper subject of Rule 12(b)(6) motions, certain affirmative defenses that clearly appear on the face of the plaintiff's complaint – most commonly that the statute of limitations has run – may properly be asserted in a Rule 12(b)(6) motion.[9]  Limitations may support dismissal for failure to state a claim where it is evident from the plaintiff's pleadings that the action is barred.[10]

---

[4] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Washington*, 953 F. Supp. at 768.

[5] *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

[6] *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1958 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).

[7] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

[8] *Twombly*, 127 S.Ct. at 1960.

[9] See *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir.1994); 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 352 (1990).

[10] *See, e.g., Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                                          Page 3

**C.      Vernon's Claims Are Barred By Limitations**

2.9      Because Vernon has filed an amended complaint (doc. 8) (*see* Court's Docket), this motion will address the pertinent factual allegations of that pleading.

### 1.      Fourth Amendment claim:  unlawful seizure and excessive force

2.10     Vernon alleges that Decedent, Tony Vernon, died as the result of being shot in an encounter with Dallas police officers Rangel and Armendariz on 24 July 2003.  (*See* Complaint at 2, 3-6 ¶¶ 1-2, 10-27.)  Vernon alleges that the officers' unlawfully seized Decedent, and that the officers' use of deadly force was excessive, and therefore constituted violations of the Fourth, Fifth, and Fourteenth Amendments.  (*Id.* at 5, 6, 8-9 ¶¶ 25, 28-31, 19-22.)[11]

2.11     Because there is no specified federal statute of limitations for section 1983 suits, the federal courts borrow the forum state's general personal injury limitations period.[12]  Section 16.003(a) of the Texas Civil Practice and Remedies Code provides that a person must bring suit for personal injury not later than two years after the day the cause of action accrues:

### § 16.003.  Two-Year Limitations Period

(a) Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.[13]

While the limitations period is determined by reference to state law, the standard governing the accrual of a cause of action under section 1983 is determined by federal law.[14]  The federal stan-

---

[11] Unfortunately, Vernon's numbering of the paragraphs of her complaint is haphazard and discontinuous.

[12] *See Owens v. Okure*, 488 U.S. 235 (1989); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005).

[13] Tex. Civ. Prac. & Rem. Code § 16.003(a) .

[14] *See, e.g., Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir. 1983); *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980).

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                                        Page 4

dard provides "'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.'"[15]

2.12    "Under federal law, a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action."[16]    That is, a federal cause of action accrues when "the plaintiff has 'a complete and present cause of action'" or when the plaintiff "can file suit and obtain relief."[17]    Clearly, those events occurred at Tony Vernon's death on 24 July 2003, and Vernon does not plead that she did not on 24 July 2003 know of the injury made the basis of the suit or that, if not tolled, limitations did not begin to run that date.  (*See generally,* Complaint.)

2.13    Vernon did not file this suit until 25 June 2008, almost five years after Decedent was shot and killed.  Because Vernon filed suit well after Texas' two-year limitations period for personal injury actions, her Fourth Amendment claims are barred as a matter of law.  Therefore, all Fourth Amendment claims, whether for a seizure, search, or use of force, must be dismissed for failure to state a claim upon which relief can be granted.

**2.    Fifth and Fourteenth Amendment claims:  deprivation of due process**

2.14    Vernon alleges that the officers' search, seizure, and shooting of Decedent consti-tuted a deprivation of his right to procedural due process guaranteed by the Fifth and Fourteenth Amendments.  (See Complaint at 6 ¶ 28-31.)  In *Wilson v. Garcia*, the Supreme Court held that *all* section 1983 actions are governed by the statute of limitations for personal-injury actions of the forum state.[18]  Thus, for the same reasons set forth above regarding Vernon's claims asserted

---

[15] *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).

[16] *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995).

[17] *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (quoting *Rawlings v. Ray*, 312 U.S. 96, 98 (1941)).

[18] *See Wilson v. Garcia*, 471 U.S. 261, 273-76 (1985).

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                                    Page 5

under the Fourth Amendment, Vernon's Fifth and Fourteenth Amendment claims are barred by

limitations.  Therefore, those claims must be dismissed for failure to state a claim upon which

relief can be granted.

### 3.        Section 1985(3) claim:  conspiracy to deprive civil rights

2.15     Vernon also asserts a claim under 42 U.S.C. § 1985(3), which prohibits conspira-

cies to cause the deprivation of equal protection of the laws.  (*Id.* at 10-11 ¶¶ 29-30.)  Neither the

Supreme Court nor the Fifth Circuit has yet spoken on whether a state's "residual" personal

injury statute of limitation applies in the section 1985(3) context.  However, at least two circuits,

and several district courts, have held that it should.   For example, in *McDougal v. County of*

*Imperial*, the Ninth Circuit stated that

> [a]n action under § 1985(3) alleging a conspiracy to deprive a person of
> constitutional rights is designed to remedy the same types of harms as the
> deprivations under § 1983.    Accordingly,  we  hold  that  suits  under
> § 1985(3) are also best characterized as personal injury actions and are
> governed by the same statute of limitations as actions under § 1983. [19]

This Court also has concluded that the section 1983 limitations period controls in section 1985

suits.  *See Moreno v. Curry*, 2006 WL 3207984 at, *3 (N.D. Tex., 7 November 2006) (Means,

J.); and *Dunkins v. Schattman*, 2007 WL 720267, at *2 (N.D. Tex., 9 March 2007 ) (Means, J.)

(stating that any claims asserted under 42 U.S.C. § 1981 and 1985 are subject to the applicable

two-year Texas statute of limitations applicable to tort claims).  Therefore, the limitations period

for Vernon's 42 U.S.C. § 1985(3) conspiracy claim is two years.  For the reasons set forth above,

Vernon's section 1985(3) claim should be dismissed for failure to state a claim for which relief

can be granted.

---

[19] *McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991).  *See also Callwood v. Questel*, 883 F.2d
272, 274 (3d Cir. 1989); *Bougher v. University of Pittsburgh*, 882 F.2d 74, 79 (3d Cir. 1989).

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                                          Page 6

**4.      State law claims:  wrongful death/survival action, intentional infliction of emotional distress, assault and battery, and conversion**

2.16      Vernon also asserts a state law claim under this Court's supplemental jurisdiction for wrongful death, pursuant to the Texas Survival Statute.[20]  (Complaint at 9 ¶¶ 25-56.)  Texas law directly addresses the limitations period on this claim, including when the claim accrues:

> **§ 16.003.   Two-Year Limitations Period**
>
> . . .
>
> (b) A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death.   The cause of action accrues on the death of the injured person.

By statute, Vernon had to bring her survival action within two years after Tony Vernon's death.[21] Tony Vernon died on 24 July 2003.  (Complaint at 2 ¶ 2.)  Thus, the limitations period ended on 25 July 2005.  Vernon did not file this lawsuit until 25 June 2008, almost three years after the limitations period ended.  Therefore, Vernon's wrongful death survival action must be dismissed because it is barred by limitations as a matter of law.

2.17      Vernon asserts on her own behalf a claim for intentional infliction of emotional distress.  (Complaint at 11-12 ¶ 33.)  It is well-settled that the limitations period for this state law tort falls under Tex. Civ. Prac. & Rem. Code § 16.003(a), and is two years.[22]  Again, Vernon did not file suit until almost five years after the events giving rise to the alleged tortious conduct. Therefore, Vernon's claim for intentional infliction of emotional distress must be dismissed, as it barred by limitations as a matter of law.

2.18      Vernon next asserts on behalf of the Decedent claims for assault and battery, both arising from the bodily injury resulting from being shot and killed by the officers.  (Complaint at

---

[20] Tex. Civ. Prac. & Rem. Code § 71.002(b).

[21] *See, e.g. Hill v. Bartlette*, 181 S.W.3d 541, 545 (Tex.App.–Texarkana 2005, no hist.).

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                                    Page 7

12 ¶ 34.)  Physical injuries resulting from being shot are quintessential personal injuries, and fall under the two year limitations period of section 16.003(a).  Therefore, the state law assault and battery claims must be dismissed as being barred by limitations.

2.19    Next, Vernon asserts that, at the time he was seized, Decedent was in possession of $91,920 in United States currency, which also was seized and has not been returned.  (Complaint at 7, 11.)  It is apparent that Vernon alleges a conversion of the currency.  Again, section 16.003(a) controls, whether Vernon pleads a conversion of personal property, or instead a taking or detaining personal property.  Because Vernon brings her action more than two years after the alleged conversion or improper withholding of the seized cash, this claim must be dismissed as being filed after expiration of the limitations period.[23]

### 5.    Request for declaratory relief

2.20    Vernon also seeks a declaration of Decedent's rights under the federal and Texas constitutions.  (Complaint at 12 ¶ 35.)  While Vernon identifies the provisions of the Constitution that are in issue elsewhere in the Complaint (the Fourth, Fifth, and Fourteenth Amendments), she does not identify any provisions of the Texas constitution for which she seeks a declaration.  It is clear that Vernon's declaratory judgment request is, at best, redundant of the claims seeking legal (as opposed to equitable) relief.

2.21    In *Gilbert v. City of Cambridge,* the First Circuit stated is well settled that:

> [t]o prevent plaintiffs from making a mockery of the statute of limitations by the simple expedient of creative labeling – styling an action as one for declaratory relief rather than for damages – courts must necessarily focus upon the substance of an asserted claim as opposed to its form.[24]

---

[22] *See, e.g. Brelsford v. Univ. of Texas Health Science Center*, 1993 WL 15192, at * 9 (Tex. App.–Dallas 1993) (not designated for publication).

[23] *See Garcia v. City of Laredo*, 2005 WL 418446, at *1 (Tex. App.–San Antonio 2005).

[24] *Gilbert v. City of Cambridge*, 932 F.2d 51, 57 (1st Cir. 1991).

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                                    Page 8

Thus, under the concurrent remedy doctrine, "where legal and equitable claims coexist, equitable remedies will withheld if an applicable statute of limitations bars the concurrent legal remedy."[25] The Second Circuit arrived at the same conclusion in *Orangetown v. Gorsuch*, stating that "we agree entirely with the Second Circuit that if 'a claim for declaratory relief could have been resolved through another form of action which has a specific limitations period, the specific period of time will govern.'"[26]

2.22    The Fifth Circuit appears to agree, though it has not spoken on the issue for many years.  In 1978, in *United Transp. Union v. Florida East Coast Ry. Co.*, the Fifth Circuit stated that

> [t]his Court is of the opinion that both legal and equitable relief is sought and that, therefore, the statute of limitations bars both.  The Court has not been directed to any case which specifically requires this holding.  An analogy to civil rights cases, however, convinces the Court that such a result is appropriate.[27]

That the circuit court analogized to the result in civil rights cases is telling, given that the essence of Vernon's claims here concern alleged deprivations of civil rights.

2.23    In the instant case, as shown above, all of Vernon's legal claims are time-barred by limitations.  Therefore, Vernon's concurrent equitable claim for declaratory relief is likewise barred by limitations, and should be dismissed with prejudice.

## D.    Grounds for Rule 12(b)(6) Dismissal Other Than Limitations

2.24    Vernon's failure to file her suit within the applicable limitations period disposes of all of Vernon's claims.  But, even if that were not so, the Court should still dismiss the bulk of

---

[25] *Gilbert*, 932 F.2d at 58; *Cope v. Anderson*, 331 U.S. 461, 464 (1947).

[26] *Orangetown v. Gorsuch*, 718 F.2d 29, 42 (2d Cir. 1983).

[27] *United Transp. Union v. Florida East Coast Ry. Co.*, 586 F.2d 520 (5th Cir. 1978), citing *Cope v. Anderson*, 331 U.S. 461 (1947); *Russell v. Todd*, 309 U.S. 280 (1940); and *Mizell v. North Broward Hosp. Dist.*, 427 F.2d 468 (5th Cir. 1970).

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                    Page 9

her claims under Rule 12(b)(6) because Vernon fails to state a viable claim upon which relief can be granted.

### 1.      Fifth and Fourteenth Amendment due process

2.25     Vernon asserts due process claims in connection with the shooting of Decedent. (Complaint at 6 ¶¶ 28-31.)  It is often unclear from the Complaint whether Vernon is asserting violations of procedural due process, substantive due process, or both; or pursuant to which of the amendments the constitutional protection resides.  Regardless of their exact nature, these due process claims fail under either amendment, and whether arising as a procedural or substantive due process right.

2.26     To begin, in *Graham v. Connor*, the Supreme Court made clear that the events of which Vernon complains are governed by the Fourth Amendment, stating:

> Today we make explicit what was implicit in [*Tennessee v.*] *Garner's* analysis, and hold that all claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach.  Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.[28]

Simply put, Vernon's claims related to the seizure and use of force against the Decedent arise under the Fourth Amendment, not as a violation of substantive due process under either the Fifth or Fourteenth.[29]  Therefore, Vernon fails to state a claim upon which relief can be granted under those two amendments, and those claims should be dismissed.

---

[28] *Graham v. Connor*, 490 U.S. 386, 395 (1989).

[29] *See, e.g. Pirolozzi v. Stanbro*, 2008 WL 1899980, at *3-4 (N.D. Ohio, 28April 2008) (Gwin, J.) (excess force claims may only be properly analyzed as Fourth Amendment claims, not as claims for substantive due process under the Fifth or Fourteenth Amendments).

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                                    Page 10

2.27    To the extent that Vernon alleges a Fifth Amendment due process violation unre-

lated to Decedent's seizure, such that there is alleged a violation of procedural due process, any

such claim also fails as a matter of law.  Finally, the Fifth Amendment applies only to the actions

of the federal government, and not to the actions of a municipal government or its employees as

in the present case.[30]  Vernon does not allege that any of the defendants are federal actors.  (*See*

*generally*, Complaint.)  Therefore, Vernon fails to state *any* claim under Fifth Amendment upon

which relief may be granted, and the Court should dismiss any and all claims arising under the

Fifth Amendment.

2.28    Finally, in the law enforcement context, a seizure that complies with the Fourth

Amendment also complies with procedural due process.[31]  Pleading violation of both procedural

due process and the Fourth Amendment is redundant.[32]  As Vernon also asserts a Fourth Amend-

ment claim, (Complaint at 8-9 ¶¶ 19-22), the availability of relief under the Fourth Amendment

should preclude Vernon's procedural due process claim, whether asserted under the Fifth or the

Fourteenth Amendments.

### 2.    Conspiracy under 42 U.S.C. § 1985(3)

2.29    Vernon makes a conclusory allegation that Movants violated 42 U.S.C. § 1985(3),

in that they allegedly conspired to deprive Decedent of rights to due process and bodily integrity.

Curiously, although Vernon lists the matters that must be pleaded to assert a claim under section

1985(3) (Complaint at 10-11 ¶¶ 29-30), the Complaint fails to allege *any* non-conclusory facts

providing the essential element of racial animus (*see generally*, Complaint).   That is, Vernon

fails to plead any facts which, if true, would support a finding that Movants were motivated by a

---

[30] *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981); *Valencia v. Wiggins*, 981 F.2d 1440, 1445 (5th Cir. 1993), citing *Richard v. Hinson*, 70 F.3d 415, 416 (5th Cir. 1995).

[31] *Sanders v. City of San Diego*, 93 F.3d 1423, 1427 (9th Cir. 1996).

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                    Page 11

racial or class based discriminatory animus designed to deprive any person or class of persons of equal protection of the law.[33]   Therefore, this claim also must be dismissed for failure to state a claim upon which relief can be granted.

### 3.      State law torts

2.30     The Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.001, et seq. waives the state's sovereign immunity from suits arising both from:  (1) the negligent conduct of an employee if property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or equipment if the employee would be personally liable to the claimant; and (2) from injuries caused by a condition or use of tangible personal property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.[34] However, the Act specifically excludes waiver for a claim "arising out of assault, battery, false imprisonment, *or any other intentional tort* . . . ."[35]   Kunkle, as a public official sued in his official capacity as the chief of police, is protected by the same sovereign immunity enjoyed by the City of Dallas as a governmental unit.[36]

2.31     When a suit is barred by sovereign immunity, the trial court lacks subject matter-jurisdiction, and dismissal with prejudice is proper.[37]   The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction.[38]   Here, Vernon

---

[32] *Id.*

[33] Defendants concede that Vernon could cure this defect by again amending her Complaint to state facts that would support a finding of race or class based discriminatory animus.  However, whether Vernon can do so and comply with Fed. R. Civ. P. 11(b)(3) is a separate matter.  In any event, the claim would still be barred by limitations.

[34] Tex. Civ. Prac. & Rem. Code § 101.021.

[35] Tex. Civ. Prac. & Rem. Code § 101.057 (emphasis added).

[36] *See Salazar v. Lopez*, 88 S.W.3d 351, 353 (Tex. App.-San Antonio 2002, no pet.).

[37] *City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 752 (Tex. App.–Austin 1998, no pet.).

[38] *Texas Ass'n. of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                                    Page 12

fails to allege facts which, if true, would effect a waiver of the City's and Kunkle's sovereign immunity from suit.

2.32    The state common law torts alleged here – wrongful death, intentional infliction of emotional distress, assault/battery, and conversion – are all intentional torts under Texas law. *See, e.g., Pineda v. City of Houston*, 175 S.W.3d 276, 282-83 (Tex. App.–Houston [1st Dist.] 2004, no writ) (officer's shooting of suspect was intentional tort, even if framed in terms of negligence); *Midland Indep. Sch. Dist. v. Watley*, 216 S.W.3d 374, 381 (Tex. App.–Eastland 2006, no writ); *Univ. of Tex. Med. Branch v. Hohman*, 6 S.W.3d 767, 777 (Tex. App.–Houston [1st Dist.] 1999, pet. dism'd w.o.j.) (intentional infliction of emotional distress is an intentional tort); *Tex. River Barges, Inc. v. City of San Antonio*, 21 S.W.3d 347, 356 (Tex. App.–San Antonio 2000, pet. denied) (under the Texas Tort Claims Act, a municipality is immune from liability for intentional torts, including that of conversion).   And, of course, section 101.057 the Texas Tort Claims Act explicitly excludes assault from the limited waiver of sovereign immunity.   Therefore, because the Complaint fails to allege any facts that would negate the City's and Kunkle's entitlement to governmental immunity, the Court should dismiss those claims with prejudice as to those Movants.

### III.    CONCLUSION

3.1    Movants have established that all of Vernon's claims are barred by limitations as a matter of law.  Movants have also established that, as a matter of law, Vernon fails to assert a viable claim under the Fifth Amendment, the Fourteenth Amendment, or 42 U.S.C. § 1985(3). Further, Movants have established that the City and Kunkle are entitled to sovereign immunity as to Vernon's state law intentional tort claims.  Finally, Vernon's request for declaratory judgment should be dismissed because it is barred by limitations under the concurrent remedy doctrine.

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                    Page 13

Therefore, all claims should be dismissed with prejudice because Vernon fails to state a claim upon which relief can be granted.

WHEREFORE, Movants herein, the City of Dallas, David Kunkle, and Mark Rangel, respectfully request that the Court enter an order in conformity with this motion, and for all such other relief to which Movants are entitled.

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS

By:   *s/ Jason G. Schuette*
      Assistant City Attorney
      Texas Bar No. 17827020
      jason.schuette@dallascityhall.com

      *s/ James C. Butt*
      Assistant City Attorney
      Texas Bar No. 24040354
      james.butt@dallascityhall.com

Dallas City Hall
1500 Marilla Street, 7BN
Dallas, Texas 75201
Telephone:     214.670.3519
Facsimile:     214.670.0622

ATTORNEYS FOR DEFENDANT-MOVANTS,
THE CITY OF DALLAS, DAVID KUNKLE,
AND MARK RANGEL

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B                              Page 14

**CERTIFICATE OF SERVICE**

 I hereby certify that on 11 July 2008 I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

**BY ECF**
Diogu Kalu Diogu, II
Diogu Diogu Law Firm
8299 Cambridge Drive, Suite 1301
Houston, Texas 77054
*Attorney for Plaintiff*

*s/ Jason G. Schuette*
Assistant City Attorney

Defendants City of Dallas', David Kunkle's, and Mark Rangel's
Motion to Dismiss Under Rule 12(b)(6), and Brief in Support
*Mildred Vernon v. City of Dallas, et al.*; Case No. 3:08-CV-1068-B  Page 15