UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MILDRED VERNON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-1068-B |
| | § | |
| THE CITY OF DALLAS, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendants City of Dallas (the "City"), David Kunkle ("Kunkle"), and Mark Rangel's ("Rangel," and together with the City and Kunkle, "Defendants") Motion to Dismiss Plaintiff Mildred Vernon's ("Vernon") Second Amended Complaint (doc. 34) pursuant to FED. R. CIV. P. 12(b)(6). Having considered the Motion, briefing of the parties, and applicable law, the Court finds that the Motion should be and hereby is **GRANTED**.

### I.

### BACKGROUND[1]

This action arises out of a series of events, which culminated in the death of Tony Bernard Vernon ("Decedent"). (*See generally* Second Am. Compl.) Plaintiff Mildred Vernon ("Vernon"), Decedent's mother, filed this civil rights action in her capacity as the administrator of Decedent's

---

[1]As explained *infra*, the Court derives its factual account from Vernon's Second Amended Complaint, accepting as true all well-plead facts therein.

estate. (*Id.* at ¶ 7.) In relevant part, the allegations of Vernon's Second Amended Complaint are as follows.

In July 2003, Defendant Rangel, an officer for the Dallas Police Department, and Michael Armendariz ("Armendariz"),[2] also an officer for the Dallas Police Department, were conducting surveillance at the Decedent's place of business, Hip Hop Designer Clothing Store, located in Dallas, Texas. (*Id.* at ¶¶ 14-5.) On the morning of July 24, 2003, Decedent reported to work; however, upon his arrival, Rangel and Armendariz approached the Decedent in their vehicle. (*Id.* at ¶ 16.) Vernon alleges that Rangel and Armendariz exited their vehicle and immediately opened fire on Decedent, resulting in Decedent's death. (*Id.* at ¶¶ 17, 19, 21, 25.) Vernon further claims that Rangel and Armendariz planted a gun on Decedent to give the appearance that their actions were in self-defense and provided false statements in the police report to this affect. (*Id.* at ¶¶ 24, 30, 63.) According to Vernon, these wrongs were made possible by the Dallas Police Department's failure to train, supervise, or discipline its officers. (*Id.* at ¶ 33.)

Vernon was appointed administrator over her son's estate on July 23, 2007. (*Id.* at ¶ 7.) On June 25, 2008, nearly five years after Decedent's demise, Vernon initiated this action, naming the City, Kunkle, Chief of Police for the Dallas Police Department, in his official capacity, and Rangel, individually and in his official capacity, as defendants. Vernon alleges numerous causes of action in her Second Amended Complaint, including violations of the Civil Rights Act, 42 U.S.C. § 1983 and 42 U.S.C. § 1985, and state causes of action for unlawful forfeiture, wrongful death, intentional infliction of emotional distress, and assault and battery. (*Id.* at ¶¶ 37-74.) Defendants filed the

---

[2] Armendariz was originally named as a Defendant in this action; however, the Court dismissed him from this action due to Vernon's failure to prosecute this action with regard to Armendariz.

instant motion, claiming, *inter alia*, each of Vernon's claims are barred by the applicable statute of limitations. The parties have fully briefed the motion, and the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARDS

The Federal Rules of Civil Procedure provide that a plaintiff's complaint must state "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556)). Although the "plausibility standard is not akin to a 'probability requirement,'" it requires more than a showing of "a sheer possibility that a defendant has acted unlawfully[,]" *Iqbal*, 129 S. Ct. at 1949, for a complaint alleging the mere possibility of misconduct alleges – but does not "show" – " that the pleader is entitled to relief[,]" FED. R. CIV. P. 8(a)(2); *Iqbal*, 129 S. Ct. at 1950.

When assessing the sufficiency of a complaint upon a motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (internal quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions." *Iqbal*, 129 S. Ct. at 1949. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* It is additionally well established that dismissal under FED. R. CIV. P. 12(b)(6) is warranted where an affirmative defense, such as the statute of limitations, is apparent on the face of the plaintiff's complaint. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *Kansa Reinsurance Co. v. Congressional Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994).

## III.

## ANALYSIS

Defendants contend that Vernon's claims fall well outside the applicable statute of limitations and are, therefore, precluded. Vernon counters that although, at first blush, her claims may appear to be barred by the statute of limitations, the limitations period was tolled, allowing her to now prosecute this action. The Court will thus begin its analysis by assessing the parties' statute of limitations arguments on Vernon's federal claims.

A.  *Vernon's Claims Under the Civil Rights Act*

Vernon first claims that Defendants violated two provisions of the Civil Rights Act, 42 U.S.C. §§ 1983, 1985. The Court first addresses Vernon's § 1983 allegations and subsequently analyzes her § 1985 claim.

i.  <u>42 U.S.C. § 1983</u>

42 U.S.C. § 1983 prohibits government officials, acting under color of state law, from depriving individuals of rights guaranteed under the Constitution and laws of the United States. Vernon insists that Defendants used excessive force and denied Decedent his procedural due process when they shot Decedent and attempted to justify their actions by planting a weapon on Decedent

and falsifying the police report. Defendants counter that even assuming *arguendo* Vernon's account of the events are true, her 42 U.S.C. § 1983 claim is barred by the statute of limitations.

Because the Civil Rights Act does not provide a statute of limitations for claims brought under its provisions, courts borrow the statute of limitations from the law of the forum state. *Owens v. Okure*, 488 U.S. 235, 245-50 (1989); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). In Texas, the "limitations period for a claim brought under section 1983 is determined by the general statute of limitations governing personal injuries ...." *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)). In relevant part, that statute provides: "a person must bring suit for ... personal injury ... not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).[3] Here, the parties to not dispute that Vernon's § 1983 cause of action accrued on the day Decedent perished, July 24, 2003. (*See, e.g.,* Pl.'s Br. in Resp. to Def.s' Mot. to Dismiss 16 ("the statute of limitations accrued at [Decedent's] death ....").) Thus, per the express terms of the statute of limitations, Vernon's cause of action needed to be filed within two years of that date – before July 24, 2005. *See Price*, 431 F.3d at 893 ("section 16.003 requires a claim to be brought no later than the same calendar day two years following the accrual of the cause of action."). Defendants thus insist that because Vernon's action was filed on June 25, 2008 – approximately three years later than

---

[3]Vernon argues that the limitations provision found at TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(b) is the applicable provision here because the alleged unlawful conduct culminated in Decedent's death. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(b) ("A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death."). It is well established in the Fifth Circuit, however, that TEX. CIV. PRAC. & REM. CODE ANN. 16.003(a) is the applicable statute of limitations in *all* § 1983 actions brought in Texas. *See Piotrowski*, 237 F.3d at 576 n.10 (applying TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a)). Indeed, the Supreme Court has directly ruled out the option of applying alternative statute of limitations provisions on a factual case-by-case basis. *See Owens*, 488 U.S. at 576-77 (discussing *Wilson v. Garcia*, 471 U.S. 261 (1985)).

permitted under the limitations period – her claim is precluded.

Vernon alleges, on the other hand, that the limitations period was tolled for two reasons. First Vernon claims that because she was not appointed as the administrator of Decedent's estate until July 23, 2007, she was legally disabled from filing suit and, therefore, the statute of limitations was tolled until her appointment as administrator over the estate. Alternatively, Vernon claims that Defendants fraudulently concealed her cause of action from her, thereby tolling the statute of limitations until she discovered the existence of her cause of action. The Court will analyze each of Vernon's tolling arguments in turn.

### *a.* *Legal Disability*

Vernon alleges that the statute of limitations was tolled until she was appointed administrator of Decedent's estate, contending that because the estate had no capacity to sue until an administrator was appointed, it was under a "legal disability." Defendants respond that "legal disability" is a term defined in the statute of limitations, and the definition does not include estates lacking an administrator.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(b) states "[i]f a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period." "Legal disability" is defined as a person "(1) younger than 18 years of age, ... or (2) of unsound mind." TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(a). Relying on the plain language of these statutory provisions, Defendants maintain that Vernon was not under a legal disability to bring suit during the period she was not appointed administrator because she was not a minor or incompetent.

In response, Vernon claims that her federal causes of action are brought pursuant to the

Texas Survival Statute, TEX. CIV. PRAC. & REM. CODE ANN. § 72.021(b). In relevant part, the Texas Survival Statute provides that a "personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." TEX. CIV. PRAC. & REM. CODE ANN. § 72.021(b). Because Decedent's § 1983 action belongs to Decedent's estate, *see Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 850 n.2 (Tex. 2005); *County of Dallas v. Sempe*, 151 S.W.3d 291, 295 (Tex. App. – Dallas Division 2004), Vernon's argument goes, the statute of limitations must implicitly be tolled where an estate lacks an administrator until after the expiration of the limitations period.

In support of her argument, Vernon points to the Supreme Court of Texas's decision in *Lovato*. In *Lovato*, the plaintiff's mother passed away while under the defendant's care. 171 S.W.3d at 846-47. The plaintiff filed a survival action on behalf of her deceased mother's estate within the applicable statute of limitations, alleging she was the estate's personal representative. *Id.* at 846-47. In truth, administration proceedings had not begun on her mother's estate, and the plaintiff was not appointed administrator until nearly two years after the expiration of the limitations period. *Id.* In determining whether the trial court erred in dismissing the action for want of standing, the Supreme Court of Texas discussed the concept of one's capacity to sue under the Texas survival statute. *Id.* at 849-51. Specifically, the *Lovato* Court stated the following:

> [M]inors and incompetents are considered to be under a legal disability to sue or be sued in their individual capacities; such persons are required to appear in court through a legal guardian, a "next friend," or a guardian ad litem .... Similarly a decedent's estate is not a legal entity and may not properly sue or be sued as such .... Although a minor, incompetent, or estate may have suffered an injury and thus have a justiciable interest in the controversy, these parties lack the legal authority to sue; the law therefore grants another party the capacity to sue on their behalf.

*Id.* at 849 (internal citations and quotation marks omitted). It is this language on which Vernon

relies to claim that estates lacking administrators may be implied into the otherwise clear definition of legal disability found at TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(a).

Ultimately, the *Lovato* Court found that the plaintiff may sustain her cause of action because her subsequent appointment as the administrator of her mother's estate cured the deficiency in her timely filed initial pleading, *id.* at 853-54, not because the statute of limitations was tolled during the period that the estate lacked an administrator on a theory of legal disability. Additionally, the *Lovato* Court noted that an estate's interest in a survival action can be vindicated not only by its administrator, but also by the decedent's lawful heirs in certain circumstances. *Id.* at 850-51; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 71.021(b) ("[a] personal injury action survives to and in favor of the *heirs*, legal representatives, and estate of the injured person") (emphasis added).

Here, the Defendants argument that the plain language of the legal disability tolling provision fails to toll the running of the statute of limitations during the period where an estate lacks an appointed administrator is well taken. To begin, Vernon's reliance on the *Lovato* decision is misplaced. *Lovato*, instead of discussing the tolling of the statute of limitations, discussed a pleading that was timely filed within the limitations period. *See Lovato*, 171 S.W.3d at 846-47. Moreover, the discussion of one's capacity to sue, relied on by Vernon, does not reference the tolling provision presently at issue. *See id.* at 849. Instead, as noted in *Lovato*, actions like those presently before the Court may be appropriately commenced by individuals other than the administrator of an estate, such as a decedent's lawful heirs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.021(b); *Lovato*, 171 S.W.3d at 850 ("We have acknowledged, however, that under certain circumstances, heirs may be entitled to sue on behalf of the decedent's estate"). Because the survival statute provides for the vindication of an estate's interest in causes of action through individuals other than the estate's

administrator, there is no reason for a court to author an additional exception into the legal disability tolling provision. Thus, because Vernon's complaint fails to allege that she was a minor or incompetent at the time her cause of action accrued – July 24, 2003 – she has failed to plausibly allege that she was under a legal disability so as to toll the running of the statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.001(a), 16.001(b). Having concluded that the statute of limitations failed to toll due to a legal disability, the Court will next address Vernon's fraudulent concealment claim.

      *b.*      <u>*Fraudulent Concealment*</u>

Vernon next argues that the statute of limitations on her 42 U.S.C. § 1983 claim was tolled because Defendants fraudulently concealed their unlawful conduct by planting a gun on Decedent and filing a false police report. Defendants counter that Vernon's complaint fails to plausibly plead a theory of fraudulent concealment because her second amended complaint does not reveal the steps she took to discover her cause of action as required by the United States Supreme Court's newly pronounced pleading standards in *Twombly* and its progeny.

Fraudulent concealment is an equitable doctrine which tolls the statute of limitations where a defendant conceals his unlawful conduct either by (1) failing to disclose his wrongful conduct when there is a duty to disclose, or (2) by lying about his conduct. *Timberlake v. A.H. Robins Co.*, 727 F.2d 1363, 1366 (5th Cir. 1984) (quoting *Nichols v. Smith*, 507 S.W.2d 518, 519 (Tex. 1974)); *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983); *Arabian Shield Development Co. v. Hunt Oil Co.*, 808 S.W.2d 577, 584 (Tex. App. – Dallas Division 1991). The fraudulent concealment doctrine requires that a plaintiff plead, and subsequently prove, that (1) defendants had actual knowledge of the facts giving rise to plaintiff's cause of action, (2) defendants concealed their unlawful conduct,

and (3) plaintiff failed, despite due diligence on her part, to discover the facts giving rise to her cause of action. *Tex. v. Allen Constr. Co.*, 851 F.2d 1526, 1528 (5th Cir. 1988); *Timberlake*, 727 F.2d at 1366. Thus, when a defendant controls the facts giving rise to a plaintiff's cause of action "such that a reasonable person could not obtain the information even with a diligent investigation, a cause of action accrues, but the statute of limitations is tolled." *Piotrowski v. City of Houston*, 51 F.3d 512, 517 (5th Cir. 1995). However, the "mere failure to disclose a cause of action, or its mere concealment, does not constitute fraudulent concealment for purposes of tolling the statute of limitations." *Timberlake*, 727 F.2d at 1366. "Rather, the plaintiff is under a duty to exercise reasonable diligence to discover his or her cause of action." *Id.*

To adequately plead allegations of fraudulent concealment, a plaintiff must plead sufficient *facts* to place the defendants on notice of the tolling theory on which the plaintiff's complaint rests. *Colonial Penn Ins. Co. v. Market Planners Ins. Agency, Inc.*, 1 F.3d 374, 376 (5th Cir. 1993); *Wellborn v. Sears, Roebuck & Co.*, 970 F.2d 1420, 1425 (5th Cir. 1992). The facts plead to provide notice to the defendants, however, must nudge the plaintiff's claim "across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 570). Thus, although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' ... it demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

Here, Vernon's complaint avers that Defendants' fraudulently concealed their unlawful conduct by planting a gun on Decedent after he was shot in order to claim they were acting in self defense. Vernon further alleges Defendants filed a police report, falsely claiming Decedent pointed a gun at Rengel and Armendariz. Accordingly, Vernon pleads, "Defendants fraudulently concealed

their wrongful act which prevented [Vernon] from filing this suit within two years from the death of her son ...." (Second Am. Compl. ¶ 59.)  These allegations in support of Veronon's fraudulent concealment claim fail to rise to the level of plausibility.  First, Vernon's complaint fails to allege who planted the gun on Decedent or who filed the false police report.  Instead, her complaint merely states generally that the "defendants" performed these acts.  (*See id.*)  As noted previously, one of the officers at the scene, Armendariz, is not a defendant in this action.  Therefore, although it is possible that Rangel, the City, or Kunkle committed the alleged acts of fraud, it is equally possible that Armendariz, as one of the officers on the scene, planted the gun and falsified the police report.  This type of ambiguous factual pleading fails to carry her complaint out of the realm of possibility and into that of plausibility.  *See Iqbal*, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the *defendant* is liable for the misconduct alleged") (emphasis added) (the plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully").

Moreover, noticeably absent from Vernon's complaint is any reference to when she became aware of the alleged fraudulent conduct and the facts supporting her cause of action.  Indeed, Vernon's complaint pleads no facts stating when she became aware of her cause of action and the diligent steps she took toward discovering her claims.  Vernon's allegation that "Defendants fraudulently concealed their wrongful" conduct, thereby preventing her from discovering her claim, (Compl. ¶ 30), is nothing more than a legal conclusion, which need not be accepted as true.  *Iqbal*, 129 S. Ct. at 1949.  Aside from this conclusory allegation, Vernon fails to plead facts to plausibly support her allegation of fraudulent concealment.  For these reasons, Vernon's complaint, on its face, reveals that Defendants are entitled to their statute of limitations defense.  Accordingly, Defendants'

motion to dismiss Vernon's 42 U.S.C. § 1983 claim should be and hereby is **GRANTED**.

    ii.    <u>42 U.S.C. § 1985</u>

Vernon next alleges that Defendants conspired to deprive Decedent of his civil rights in violation of 42 U.S.C. § 1985(3). Defendants contend that this claim is also precluded by the applicable statute of limitations. Although neither the Supreme Court nor the Fifth Circuit have addressed which statute of limitations should be borrowed from state law for alleged violations of § 1985, many courts, including this Court, have concluded that the "rationale for applying the state personal injury limitations period to § 1983 actions applies equally to § 1985 actions." *Allen v. NFN Winfield*, Cause No. 3:04-CV-2504-B, 2006 WL 1674096, at *3 n.5 (N.D. Tex. June 12, 2006) (Boyle, J.); *see, e.g., McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991); *Callwood v. Questel*, 883 F.2d 272, 274 (3d Cir. 1989). Thus, because the same statute of limitations applies to both Vernon's § 1983 and § 1985 claims, Defendants' motion to dismiss Vernon's § 1985 claim should be and hereby is **GRANTED** for the same reasons as discussed in reference to her § 1983 claim, *supra*.

For the foregoing reasons, all of Vernon's federal claims are hereby **DISMISSED with prejudice.**[4]

B.    *Vernon's State Law Claims*

In addition to her claims under the Civil Rights Act, Vernon asserts state claims for unlawful forfeiture, wrongful death, intentional infliction of emotional distress, and assault and battery.

---

[4] As the pleading before the Court is Vernon's third iteration of her complaint, the Court need not afford Vernon another bite at the apple. This is particularly true here, as in its prior order granting Vernon leave to amend her complaint, the Court specifically noted that the purpose of Vernon's proposed amendment was to address Defendants' statute of limitations defense. (Jan. 9, 2009 Mem. Order.)

"District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also Burns-Toole v. Byrne*, 11 F.3d 1270, 1276 (5th Cir. 1994) (same). In determining whether to maintain jurisdiction after the dismissal of all federal claims, "courts should exercise their discretion in a way that best serves the principles of economy, convenience, fairness, and comity." *Doddy v. Oxy U.S.A., Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1987)); *Newport Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 307 (5th Cir. 1991). In the usual case, however, once all federal claims have been dismissed from an action, these factors counsel in favor of dismissing the state causes without prejudice. *See Bunch v. Duncan*, 2002 WL 324287, at *4 (N.D.Tex. Feb. 27, 2002) (citing *Carnegie-Mellon*, 484 U.S. at 350 n. 7). Thus, the Court, in its discretion, **DISMISSES** Vernon's Texas state claims **without prejudice**.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss Vernon's Second Amended Complaint (doc. 34).

**SO ORDERED.**

**DATED: August 13, 2009**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE